Kilty, Chancellor.
John Nabb, Esquire, of Talbot county appointed trustee. To give bond in the usual form with one or more sureties to be approved by the Chancellor in the penal sum of £1,000.
This trustee gave bond as directed, and returned a schedule of the property received by him. Some time after which he died; and sundry persons by a certificate recommended William Barwick as his successor.
4th September, 1810.
Kilty, Chancellor.—
Ordered, that William Barwick be and he is hereby appointed trustee for Charles Morgan a lunatic; Provided, that before he acts as such or takes into his possession any of the property he give bond as directed in the original order.
This trustee gave bond accordingly; and, after some time, informed the Chancellor by letter, that he could not act as trustee any longer.
23d December, 1811.
Kilty, Chancellor.
The trustee having declined to act longer in this case; it is Ordered, that James JVabb be appointed trustee in his place. Bond to be given as the former trustee was directed.
This trustee gave bond as required, and returned several accounts of his receipts and disbursements of the rents and profits of the lunatic’s estate ; the first of which left a balance of $200 due to the trustee; the second left no balance either way; the third shewed a balance of $35 due to the trustee; and the fourth s.bewed a balance due him of $45. After which this trustee communicated to the Chancellor his determination to relinquish his trust. And George W. JVabb was recommended as his successor.
13th June, 1820.
Kilty, Chancellor.—
Ordered, that George W. Nabb be and he is hereby appointed trustee in the place of *334 James Nabb, resigned. The said trustee to execute a bond with surety as was done by the former trustee, after which a further order will be made.
After this trustee had given bond as required, the former trustee returned a further account shewing a balance due him of $25. And this trustee filed an account in which he charged himself with an amount of rents and profits received more than equal to the maintenance of the lunatic. This trustee by a letter addressed to the Chancellor declined to act any longer, and recommended Charles Nabb as his successor.
19th January, 1824.
Johnson, Chancellor.—
Ordered, that Charles Nabb, of Talbot county, be and he is hereby appointed trustee in the place of George W. JYabb, resigned. The trustee now appointed to give a bond with surety as was done by the last trustee.
Charles Nabb declined the acceptance of the trust, and recommended Thomas M. Cooper, the nearest of kin to the lunatic, as a suitable person to be appointed.
22d May, 1823.
Johnson, Chancellor.—
Ordered,, that Thomas M. Cooper be and he is hereby appointed trustee in place of Charles Nabb, resigned. The trustee at this time appointed to give bond for the performance of the trust as before directed to be given by the former trustee.
It does not appear, that the trustee Cooper, ever gave bond as required. The former trustee George W. JYabb filed his account from which it appeared, that there was a balance of $10 due to him.
Charles Morgan, the lunatic, by his petition, filed on the 17th of June, 1829, complained of the mismanagement of the trustee Cooper, and of his not having provided him with a comfortable subsistence from the proceeds of his estate, which was amply sufficient for that purpose; and alleged, that although he had been «officially found a lunatic some time past; yet he could produce certificates of many respectable persons, who now thought otherwise. Whereupon he prayed, that he might be either restored to the full possession and enjoyment of his property; or that another •trustee might be appointed in place of Cooper, &c. With this •petition there were a number of certificates and letters filed, from respectable citizens of Talbot county, expressing various, different, and opposite opinions as to the then mental condition of Charles Morgan.
*335 18th June, 1829.
Bland, Chancellor.
The petition of Charles Morgan, together with the opinions in writing of sundry persons, as to his capacity to manage his own affairs, having been submitted, were read and considered.
Charles Morgan himself did not appear, as would seem to have been his intention from what is said in one of the letters filed. But if he had, it is most likely I should not have been better enabled to have ascertained the regularity and strength of his mental faculties by a short personal interview, than from the various opinions which have been thus given to me of him. It is not easy to make up a correct judgment on such a matter, (a) In cases of lunacy a generous equity is to be administered with a parental hand; and yet, the means of meting out common justice is not always within the power of the court for want of correct information as to facts and circumstances. It does not appear, that the court has ever before been informed, that Thomas M. Cooper was a resident of the state of Delaware at the time he was appointed trustee. It is clear, that no one should be appointed or continued as the trustee of a lunatic who resides beyond the jurisdiction of the court, and cannot promptly be made amenable to its authority. (b) I have therefore no hesitation in displacing Cooper. And I now only deem it necessary to appoint another trustee until the intellectual condition of Charles Morgan can be more satisfactorily ascertained. (c)
'Whereupon it is Ordered, that Richard Dardin, of Talbot county, be and he is hereby appointed trustee in the place of the said Thomas M. Cooper, to take charge of and have the care, custody, and management of the person and estate of the said Charles Morgan, a lunatic. And that the said trustee Dardin, apply the interests, rents, issues, and profits, of the said lunatic’s estate to his support and maintenance, and render an account thereof accordingly. But before the said Dardin acts as trustee, he shall give bond to the state of Maryland, with surety to be approved by the Chancellor, in the penalty of $3,000, well and truly to discharge his duty as trustee, and to render an account, on oath, of all the property of the said lunatic, with the interest, rents, issues, and profits thereof, once in each year; and as much oftener as may be required; and to deliver the same up, when called upon to do so.
*336 And it is further Ordered, that the said Thomas M. Cooper deliver up and transfer all the property, debts, rights, and effects, ■which may be in his posession or under his control of the said Charles Morgan, unto the said trustee Richard Dardin; and also render unto this court a true and full account, on oath, of all his proceedings concerning the said lunatic and his estate.
And it is further Ordered, that the said trustee Richard Dardin, as soon as may be after he has given bond, make out and return to this court, a full and complete inventory, on oath, of the estate, debts, rights, and effects, of the said lunatic which may have come to his hands, and so far as he can ascertain the same.
And it is further Ordered, that the said lunatic, or any one on his behalf, may at any time, on petition to this court, have the said Morgan discharged from its further custody upon such affidavits as he may think proper to file, taken before any justice of the peace, and made by any physician, or other respectable person, giving such a particular description and opinion of the mental condition of the said Morgan as may enable the Chancellor to judge of his ability and capacity to manage his own affairs.
And it is further Ordered, that the said trustee immediately make out and deliver to the said Charles Morgan a full and exact copy of this order, to the end, that he may be apprised, so far as he thus can be, of the disposition the court has made of himself, and of his estate; and of its willingness to hear and maturely to deliberate upon any application he may hereafter make to it.
The trustee Dardin gave bond as required; and, in a few months after, died ; upon which Jesse Scott, by his petition, stated the fact, and prayed, that he might be appointed trustee to the lunatic.
29th December, 1829.
Bland, Chancellor.
Ordered, that Jesse Scott be and he is hereby appointed trustee of the person and estate of Charles Morgan, a lunatic, in the place of Richard Dardin, deceased, as prayed ; but before he acts as such he shall give bond as required by the order of the 18th of June last. And it is further Ordered, that the said Jesse Scott be and is hereby invested with all the authority conferred by that order, and is required to comply with all the directions therein contained.
This trustee gave bond as required, and made a report of his receipts and disbursements of the rents and profits of the lunatic’s estate. And afterwards by his petition, filed on the 8th of April, *337 1831, staled, that the lunatic’s negro man slave named Harry, had been for some time out of his possession as a runaway; that he had caused him to be arrested in the city of Baltimore, and brought back and lodged in Talbot county jail for safe keeping; and that if taken out of jail he would again run away and be wholly lost. 'Whereupon he prayed, that he might be authorized to sell the said slave for the benefit of the lunatic.
9th April, 1831.
Bland, Chancellor.—
Ordered, that the said trustee Jesse Scott, be and he is hereby authorized and required to make sale of the negro slave Harry, either by advertising him for sale at public auction; or by a private sale; or on a credit, not exceeding ninety days ; or for ready money, as he may deem most advantageous for the lunatic. And if the trustee shall sell the negro on a credit, he shall take bond with surety, to be approved by him, from the purchaser to secure the payment of the purchase money with interest from the day of sale. And it is further Ordered, that the trustee be and he is hereby authorized and required, as soon as may be, to invest the proceeds of the sale, in stock of the Farmers’ Bank of Maryland, in the name of and for the benefit of the said lunatic. And that the trustee report to this court, on oath, a fall account of all his proceedings in relation to the said sale and investment; and also an account of his proceedings as trustee, as required by the orders of the 18th of June, and the 29th of December, of the year 1829. (d)
Some time after this the lunatic died, and no further proceedings respecting his estate appear to have been had here.

 Colegate D. Owings’ case, 1 Bland, 370.

 Ex parte Ord. 4 Cond. Chan. Hep. 44; Logan v. Fairlee, 4 Cond. Chan. Rep.90.

 Exparte Thomas Drayton, 1 Desau. 144.

 Boarman’s case, 2 Bland, 90.